UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHIGAN WINDOWS & SIDING, INC.,     Case No. 07-20142-dob
                                                                     Chapter 7 Proceeding
                    Debtor.                                       Hon. Daniel S. Opperman
_____/

## OPINION REGARDING TRUSTEE'S MOTION FOR ORDER OF DISGORGEMENT OF FEES

Chapter 7 Trustee, Karen Evangelista, filed a motion for disgorgement of fees paid to Debtor's counsel in this chapter 7 proceeding. Debtor's counsel filed a response to the Trustee's motion and this Court held a hearing on May 3, 2007. At the May 3, 2007, hearing, the Court directed Debtor's counsel to file pleadings supporting a flat fee of $3,000 and directed the Trustee to file a response. By agreement of the parties, the Court reviewed these pleadings and issues this Opinion in regard to the appropriateness of the $3,000 flat fee charged in this simple corporate chapter 7 matter. For reasons explained in this Opinion, the Court partially grants the Trustee's motion for disgorgement of fees paid to Debtor's counsel.

## DISCUSSION

11 U.S.C. § 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." The lodestar method is to be utilized in awarding fees under Section 330. *In re Boddy*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably

expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

The Debtor filed a chapter 7 voluntary petition on January 19, 2007, with the balance of the schedules and statement of financial affairs filed on February 5, 2007. The schedules and statement of financial affairs disclose that the Debtor owned no real property, no personal property and had no secured creditors. The Debtor listed one unsecured priority claim in the amount of $10,000 owed to the State of Michigan and three unsecured non-priority claims totaling $23,618.42. The statement of financial affairs discloses income of $239,998 from the operation of business in 2005 with no subsequent income generated by the Debtor. The first meeting of creditors was held on February 28, 2007, and the Trustee retained counsel on March 7, 2007.

The Court has reviewed the application of Debtor's counsel filed on May 21, 2007, including the exhibits supporting Debtor's counsel's fees. Debtor's counsel filed these pleadings to support fees in the amount of $4,935.00 and expenses of $324.32. The Trustee's response filed May 29, 2007, has likewise been reviewed by this Court.

## **ANALYSIS OF DEBTOR'S COUNSEL'S ITEMIZED TIME RECORDS AND ITEMIZED EXPENSE STATEMENT**

Debtor's counsel attached a four page invoice detailing the time, date, description of services, hourly rate, and amount per time entry with this Court. In all entries, Debtor's counsel states an

hourly rate of $175 per hour. Per the biographical summary attached as Exhibit D, the Court notes that Debtor's counsel was licensed to practice law in Illinois in 2000 and licensed to practice law in Michigan in 2002. Debtor's counsel does not appear to have a certification or specialized expertise. The Court finds that $175 per hour rate is reasonable for an attorney with like skills, expertise, and experience.

As for specific time entries detailed in Exhibit C to the Debtor's counsel's application for compensation, the Court will disallow the amount of $157 for services rendered on January 17, 2007, as it appears from this time entry that the services rendered involved a final order of restitution unrelated to the instant bankruptcy. The Court will adjust other entries as follows:

- The 1/18/07 entry of 2.2 hours is reduced 1.2 hours for the reason that given the complete lack of assets, limited number of creditors, and succession of business activities in 2005, the Court is hard pressed to allow time beyond 1 hour given the state of assets, liabilities, and business operations as disclosed in the schedules and statement of financial affairs. Likewise, the Court will disallow in its entirety time entries dated 01/18/07 and 01/19/07 in the amounts of .1 and .2 respectively given the simple and straightforward nature of the schedules and statement of financial affairs. The Court will only allow .1 hour for services rendered on 03/07/07 in regard to the review of the application to employ Trustee's counsel and related documents for the reason that the documents available to this Court consists of three pages which should be easily read and understood within 6 minutes.

- The Court will allow 1 hour and disallow 2.5 hours in connection with the 03/31/07 entry to review and analyze documents responsive to the Trustee's document request. These

documents were previously reviewed by Debtor's counsel on 01/18/07, and, given the nature of the Debtor's operations should not have been voluminous. Moreover, the 03/31/07 entry is a duplicate of services rendered on 01/18/07. As for services in connection with the first meeting of creditors, Debtor's counsel detailed a 2 hour meeting prior to the first meeting of creditors, as well as a 2 hour time allowance for travel to the first meeting of creditors. Again, given the straightforward nature of this chapter 7, the Court is hard pressed to understand how Debtor's counsel, if properly advising the client prior to filing the chapter 7 petition, could spend more than 1 hour in preparation for the first meeting of creditors. Additionally, the Court will allow only 1 hour of travel time for the first meeting of creditors.

• Finally, the Court will disallow in its entirety all fees and expenses in connection with the fee objection because these services were not for the benefit of the estate and, for reasons evident in this Opinion, are self inflicted by Debtor's counsel.

## CONCLUSION

After adjusting for the time entries as stated in this Opinion, the Court holds that fees in the amount of $1,977.50 are allowed, as well as expenses of $227.66 for a total of $2,205.16. To the extent that fees in excess of $2,205.16 were paid, these monies shall be disgorged by Debtor's counsel and paid to the Chapter 7 Trustee within 14 days.

Not for Publication

**Signed on June 29, 2007**

                                          **/s/ Daniel S. Opperman**
                                **Daniel S. Opperman**
                                **United States Bankruptcy Judge**